**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LEONEL LAMADRID LEDESMA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 8:13-cv-1162-T-30TBM
Criminal Case No. 8:10-cr-102-T-30TBM

**O R D E R**

Petitioner's motion to vacate under 28 U.S.C. § 2255 (cv Doc. 1) challenges the validity of his plea-based conviction for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, for which offense he was sentenced to 78 months imprisonment to be followed by 60 months supervised release (cr Doc. 79). The motion to vacate is time-barred.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v.*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act creates a limitation period for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in August 2010,[2] Petitioner's limitation period expired one year later, in August 2011. Petitioner dated his motion to vacate in April 2013, which is more than eighteen months late. Consequently, Petitioner's motion to vacate is untimely under Section 2255(f)(1).

Petitioner implicitly asserts entitlement, under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), to a delayed start of the limitation period under Sections § 2255(f)(3) and (4) (see cv Doc. 1-1). § 2255(f)(3) provides for beginning the limitation period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Petitioner filed his motion to vacate within one year of *Bellaizac-Hurtado*, that decision affords Petitioner no relief.

---

[2] Petitioner's judgment of conviction was entered on August 11, 2010 (cr Doc. 79). Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).

A delayed start of the limitation period under § 2255(f)(3) requires the recognition of a new right by the Supreme Court. *Bellaizac-Hurtado* is a circuit court decision, not a Supreme Court decision. As a consequence, Petitioner cannot benefit from *Bellaizac-Hurtado* under § 2255(f)(3)'s provision for a delayed start of the limitation period.[3]

Petitioner also cannot benefit from *Bellaizac-Hurtado* under § 2255(f)(4), which provides for beginning the limitation period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The issuance of the decision in *Bellaizac-Hurtado* is not a "fact" supporting Petitioner's claims which triggers the start of the limitation period under § 2255(f)(4). *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period."); *United States v. Bennett*, 2013 U.S. Dist. LEXIS 7279, *16 (W.D.N.C. Jan. 15, 2013) (unpublished) ("[B]ecause a legal decision does not constitute an actual or alleged event or circumstance, such is not a 'fact' for purposes of § 2255(f)(4)."); *Tellado v. United States*, 799 F. Supp. 2d 156, 164 (D. Conn. 2011) ("[E]ach circuit that has considered the issue has found that a legal decision that does not change any part of the petitioner's own criminal history constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim.") (and cases cited therein).

---

[3] Although it will control future cases, the retroactive application of *Bellaizac-Hurtado* to a final case is controlled by § 2255(f)(3)'s requirement that the new right is one initially recognized by the Supreme Court.

Petitioner's untimely motion to vacate is time-barred unless he can show that he was prevented from timely filing the motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence, *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), or that he is actually innocent of the crime of conviction. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). Here, Petitioner has not presented any argument to establish that he is actually innocent of the crime charged,[4] or that extraordinary circumstances prevented him from timely filing his motion to vacate. Therefore, his motion to vacate is time-barred and must be dismissed.[5]

Accordingly, the Court **ORDERS** that the motion to vacate under 28 U.S.C. § 2255 (cv Doc. 1) is **DISMISSED** as time-barred. The **clerk** shall terminate the companion § 2255 motion (cr Doc.141) and "Motion to Dismiss Under That Congress Lacks Constitutional Authority to Reach Drug Crimes in Foreign Waters" (cr Doc. 138) in criminal case No. 8:10-cr-102-T-30TBM, and close this case.

---

[4]"Actual innocence" is factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner does not present any argument or evidence to show "factual innocence." Instead, he raises only a legal argument, to wit, Congress does not have authority to proscribe drug trafficking in territorial waters of foreign countries.

[5]The Court notes that in *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the Maritime Drug Law Enforcement Act, 46 U.S.C. §70503(a), *et. seq.*, was unconstitutional as applied to the drug trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. *Id*. at 1258. The Eleventh Circuit held that "Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id*. Here, Petitioner has not alleged that the conduct for which he was convicted occurred in territorial waters. Moreover, in his plea agreement, Plaintiff admitted that he was apprehended in international waters (cr Doc. 25 at p. 15). Accordingly, *Bellaizac-Hurtado* is inapplicable to his case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and not entitled to a delayed start of the limitation period, Petitioner cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Petitioner must pay the full $455 appellate filing fee without installments unless the circuit court allows Petitioner to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 1, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*